ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| SECRETARIO(A) DEL TRABAJO del DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS en nombre y para beneficios de 234 obreros<br><br>Parte Apelada<br><br>v.<br><br>WEST SECURITY SERVICES, INC. Y/O UNITED SURETY & INDEMNITY CO.<br><br>Parte Apelante | KLAN202400662 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Mayaguez<br><br>Caso Núm.: MZ2023CV01995<br><br>Núm. Adm.: NAL 57333<br><br>Sala: 206<br><br>Sobre: Reclamación de Bono<br><br>Ley Núm. 148 de 30 de junio de 1969 (29 LPRA 501 ss) y Ley Núm. 2 de 17 de octubre de 1961 (32 LPRA 3118 ss) |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

## SENTENCIA

*Nunc Pro Tunc*[1]

En San Juan, Puerto Rico, a 31 de julio de 2024.

Compareció ante este Tribunal la parte apelante, West Security Services, Inc. (en adelante, el "WSS" o "Apelante"), mediante recurso de apelación presentado el 11 de abril de 2024. Nos solicitó la revocación de la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, el "TPI"), el 1 de julio de 2024, notificada y archivada en autos en igual fecha. Mediante dicho dictamen, el TPI declaró "Ha Lugar" la "**Moción de Sentencia Sumaria**" interpuesta por el Departamento del Trabajo y Recursos Humanos, en nombre y para beneficio de 234 obreros (en adelante, "Departamento del Trabajo" o "Apelado") y, en consecuencia, declaró "Ha Lugar" la "**Querella**" presentada por el Apelado.

---

[1] Se dicta Sentencia *Nunc Pro Tunc* a los fines de corregir en el epígrafe el número de caso ante el Tribunal de Primera Instancia, para que lea MZ2023CV01995.

Por los fundamentos que expondremos a continuación, se *revoca* la *Sentencia* apelada.

## I.

El caso de autos tuvo su génesis el 29 de noviembre de 2022, cuando el Apelante presentó ante el Negociado de Normas del Departamento del Trabajo una *Solicitud de Exención de Pago del Bono de Navidad* del año 2022. Presentada la solicitud, el 30 de noviembre de 2022, el Apelado le notificó a WSS que su solicitud de exoneración del bono no cumplía con las leyes y la reglamentación. Esto, debido a que, el Estado de Situación de Ganancias y Pérdidas presentado no tenía adherido el sello original del Colegio de Contadores Públicos Autorizados. En dicha notificación, se le advirtió al Apelante que debía corregir la deficiencia en o antes del 30 de noviembre de 2022, pues de lo contrario, estaría obligado a pagar el bono en su totalidad. El 1 de diciembre de 2022, WSS presentó el documento con el sello original del Colegio de Contadores Públicos Autorizados ante la sede del Departamento del Trabajo en Mayagüez. A pesar de ello, el personal de este se negó a recibirlo, ya que la fecha límite para presentarlo había vencido.

Así las cosas, el 2 de diciembre de 2022 el Apelante solicitó reconsideración y el 8 de diciembre de 2022, el Departamento del Trabajo notificó a WSS que la determinación del 30 de noviembre de 2022 se confirmaba. Esto, a causa de que, el Apelante no cumplió con el requisito de Ley Núm. 148 de 30 de noviembre de 1969, *infra*, de presentar toda documentación en o antes del 30 de noviembre de 2022. A raíz de ello, en enero del 2023, la División de Bono del Negociado de Normas del Trabajo refirió el caso a la Oficina de Área y le informó que a WSS no se le había concedido la exoneración solicitada y que procediera a investigar si el Apelante había pagado el bono, según correspondía. Tras tres (3) cartas de cobro infructuosas que el Negociado de Normas de Trabajo le cursó al Apelante, el 13 de noviembre de 2023, el Apelado radicó ante el TPI una "**Querella**"*.* En esta última, el Secretario del Trabajo le reclamó a WSS el bono de Navidad de 234 obreros al amparo de la Ley Núm. 148 de 30 de

noviembre de 1969, *infra*. Así pues, el 27 de diciembre de 2023, el apelante presentó "**Contestación a Querella**".

Luego de varios trámites procesales impertinentes a la controversia, el 15 de abril de 2024 el Apelado radicó una "**Moción de Sentencia Sumaria**". En síntesis, arguyó que: (1) procedía disponer del caso sumariamente, pues no existía controversia sobre hecho alguno y (2) que la *Solicitud de Exención de Pago del Bono de Navidad* del año 2022 presentada por el Apelante ante el Departamento del Trabajo no fue aprobada y, por tanto, procedía el pago del bono de Navidad a favor de los empleados acumulados al pleito. Por su parte, el Apelante presentó su "**Oposición a la Moción de Sentencia Sumaria**" mediante la cual sostuvo que existía una controversia de hechos que se debía dilucidar en vista evidenciaria y juicio plenario debido a que el Apelado no había podido establecer con certeza la existencia de las cantidades supuestamente adeudadas. Además, planteó que dicho requisito era una condición *sine qua non* para que procediera una moción de sentencia sumaria en relación con un cobro de dinero, según el ordenamiento jurídico vigente, debido a que se desconoce si las cantidades que se cobran son reales y genuinas.

Evaluada la posición de ambas partes, el 1 de julio de 2024, el TPI notificó y emitió *Sentencia* ordenando a WSS a satisfacer al Departamento del Trabajo la suma de $89,539.09 por concepto de bono de Navidad. Aún inconforme con lo anteriormente resuelto, el Apelante acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA SALA SUPERIOR DE MAYAGUEZ AL DICTAR SENTENCIA SUMARIA DECLARANDO HA LUGAR LA DEMANDA A PESAR DE QUE SE DEMOSTRÓ EXISTEN CONTROVERSIA DE HECHOS QUE DEBEN SER VENTILADAS Y CONTROVERTIDAS EN UN JUICIO PLENARIO.

El 23 de julio de 2024, el Departamento del Trabajo presentó "**Alegato de la Parte Apelada**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El propósito de las Reglas de Procedimiento Civil es proveerles a las partes que acuden a un tribunal una "solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R.1. Así, la Regla 36 del mencionado cuerpo procesal atiende lo referente al mecanismo de sentencia sumaria. A la luz de sus disposiciones, se dictará sentencia si de "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente, y que como cuestión de derecho el tribunal debe dictar la sentencia sumaria a favor de la parte promovente". Regla 36.3 de Procedimiento Civil, 32 LPRA, Ap. V, R. 36.3.

En ese sentido, se considera un hecho material o esencial, "aquel que pueda afectar el resultado de la reclamación de acuerdo al derecho sustantivo aplicable". Oriental Bank v. Caballero García, 212 DPR 671, 679 (2023). Cabe señalar que el juzgador no está limitado a los hechos o documentos que se produzcan en la solicitud, sino que puede tomar en consideración todos los documentos que obren en el expediente del tribunal. S.L.G. Szendrey-Ramos v. Consejo Titulares, 184 DPR 133, 167 (2011).

Solamente se dictará sentencia sumaria en casos en los cuales el tribunal tenga ante su consideración todos los hechos necesarios y pertinentes para resolver la controversia y surja claramente que la parte promovida por el recurso no prevalecerá. Oriental Bank v. Caballero García, *supra*, pág. 678. Sin embargo, el tribunal no podrá dictar sentencia sumaria cuando: (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la Demanda que no han sido refutadas; (3) surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material; o (4) la moción no procede como cuestión de derecho. SLG Szendrey-Ramos v. Consejo de Titulares, *supra*, pág. 168. Para prevalecer, el promovente de este recurso debe

presentar una moción fundamentada en declaraciones juradas o en cualquier evidencia que demuestre la inexistencia de una controversia sustancial de hechos materiales sobre la totalidad o parte de la reclamación. Oriental Bank v. Caballero García, *supra*, pág. 678.

Por su parte, la parte promovida por una moción de sentencia sumaria debe demostrar que existe controversia en cuanto a algún hecho material que sea constitutivo de la causa de acción del demandante. Rosado Reyes v. Global Healthcare, 205 DPR 796, 808 (2020); Oriental Bank v. Perapi *et al*., 192 DPR 7, 25-26 (2014). Así, la parte que se opone a que se dicte sentencia sumaria en su contra debe controvertir la prueba presentada y no cruzarse de brazos. ELA v. Cole, 164 DPR 608, 626 (2005). No puede descansar en meras afirmaciones contenidas en sus alegaciones ni tomar una actitud pasiva, sino que está obligada a presentar contradeclaraciones juradas y/o contradocumentos que pongan en controversia los hechos presentados por el promovente. Oriental Bank v. Caballero García, *supra*, pág. 680; Roldán Flores v. M. Cuebas et al., 199 DPR 664, 677 (2018). Adicionalmente, en León Torres v. Rivera Lebrón, 204 DPR 20, 47 (2020), el Tribunal Supremo resolvió que ninguna de las partes en un pleito puede enmendar sus alegaciones a través de la presentación de una solicitud de sentencia sumaria o su oposición. Así que, según lo expresa el propio tribunal, "la parte que se opone a una solicitud de sentencia sumaria no puede traer en su oposición, de manera colateral, defensas o reclamaciones nuevas ajenas a los hechos consignados en sus alegaciones, según consten en el expediente del tribunal al momento en que se sometió la moción dispositiva en cuestión". Íd., pág. 54.

Según las directrices pautadas por nuestro más Alto Foro, una vez se presenta la solicitud de sentencia sumaria y su oposición, el tribunal deberá: (1) analizar todos los documentos incluidos en ambas mociones y aquellos que obren en el expediente del tribunal; y (2) determinar si la parte opositora controvirtió algún hecho material o si hay alegaciones en la demanda que no han sido refutadas en forma alguna por los documentos. Abrams Rivera v. ELA, DTOP y otros, 178 DPR 914, 932 (2010).

Al examinar la procedencia de una moción que solicita disponer de un caso sumariamente, el tribunal no tiene que sopesar la evidencia y determinar la veracidad de la materia, sino que su función estriba en determinar la existencia o no de una controversia genuina, la cual amerite ser dilucidada en un juicio plenario. JADM v. Centro Comercial Plaza Carolina, 132 DPR 785, 802-803 (1983). Además de que "[t]oda inferencia razonable que se realice a base de los hechos y documentos presentados, en apoyo y en oposición a la solicitud de que se dicte sentencia sumariamente, debe tomarse desde el punto de vista más favorable al que se opone a ésta". ELA v. Cole, 164 DPR 608, 626 (2005).

En el caso de revisar la determinación del TPI respecto a una sentencia sumaria, este foro apelativo se encuentra en la misma posición que el foro de instancia para evaluar su procedencia. Rivera Matos *et al.* v. Triple-S *et al.*, 204 DPR 1010, 1025 (2020); Meléndez González *et al.* v. M. Cuebas, 193 DPR 100, 118 (2015). La revisión que realice el foro apelativo deberá ser *de novo* y estará limitada a solamente adjudicar los documentos presentados en el foro apelado. Vera v. Dr. Bravo, 161 DPR 308, 335 (2004)*.* De modo que las partes que recurren a un foro apelativo no pueden litigar asuntos que no fueron traídos a la atención del foro de instancia. Íd. En adición a esta limitación, se ha aclarado que al foro apelativo le está vedado adjudicar los hechos materiales esenciales en disputa, porque dicha tarea le corresponde al foro de primera instancia. Íd. págs. 334-335.

En Meléndez González *et al.* v. M. Cuebas, *supra*, nuestro más Alto Foro delimitó los pasos del proceso a seguir para la revisión de la sentencia sumaria por parte de este foro revisor, el cual consiste de: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, de exponer concretamente cuáles hechos materiales

encontró que están en controversia y cuáles son incontrovertibles; (4) y, de encontrar que los hechos materiales realmente son incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. Íd., págs. 118-119.

Conviene desde ahora destacar que el Tribunal Supremo también ha expresado que es desaconsejable utilizar la moción de sentencia sumaria en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia. Ramos Pérez v. Univisión de P.R, 178 DPR 200, 2019 (2010); Carpets & Rugs v. Tropical Reps, 175 DPR 615, 638 (2009). No obstante, "cuando de los documentos a ser considerados en la solicitud de sentencia sumaria surge que no existe controversia en cuanto a los hechos materiales" nada impide que se utilice la sentencia sumaria en casos donde existen elementos subjetivos o de intención. Ramos Pérez v. Univisión de P.R, *supra*, pág. 219.

**B.**

La Ley Núm. 148 de 30 de junio de 1969, según enmendada, conocida como la "Ley del Bono de Navidad para Trabajadores y Empleados de la Empresa Privada", 29 LPRA secs. 501 *et seq.*, (en adelante, "Ley Núm. 148") dispone para el pago patronal de un bono anual a ciertos empleados de la empresa privada. A esos efectos, se obliga a los patronos a quienes la Ley aplicare, a conceder a sus empleados un bono de Navidad, que constituiría una compensación adicional a cualesquiera otros salarios o beneficios de otra índole a que sea acreedor. 29 LPRA sec. 501. Sin embargo, conforme al estatuto, no todos los patronos están obligados a pagar el bono de Navidad. Esto, debido a que existen circunstancias en las cuales el patrono está exento de pagar el bono. Entiéndase, cuando no ha obtenido ganancias o cuando éstas resultaren insuficientes para cubrir la totalidad del mismo, sin exceder el límite de quince por ciento (15%) de las ganancias netas anuales. 29 LPRA sec. 507. Para poder beneficiarse de tal excepción, el patrono deberá someter al Secretario del Departamento del Trabajo y Recursos Humanos, no más tarde del 30 de noviembre de cada año, un estado de situación y de

ganancias y pérdidas debidamente certificado por un contador público autorizado, que evidencie dicha situación económica. Íd.

Por otra parte, en el ejercicio de la facultad que se le delegó al Secretario del Departamento del Trabajo por virtud de la Ley Núm. 148, *supra*, este último aprobó el Reglamento Núm. 9003 de 18 de septiembre de 2017, conocido como el "Reglamento para Administrar la Ley Núm. 148 de 30 de junio de 2969, según enmendada, conocida como "Ley del Bono de Navidad en la Empresa Privada" (en adelante, "Reglamento Núm. 9003"). En su Artículo VII, este estipula el procedimiento para solicitar la exención del pago del bono de Navidad. En específico, el mismo dispone lo siguiente:

> Todo patrono que emplee uno o más empleados o trabajadores dentro del periodo de cobertura tendrá las siguientes obligaciones:
>
> […]
>
> 4. Notificar al Secretario, **no más tarde del treinta (30) de noviembre** de cada año, cuando no pagará en su totalidad o en parte el bono que le corresponda a sus empleados, por no haber obtenido ganancias o cuando estas resultan insuficientes para cubrir la totalidad del bono sin exceder el límite del quince por ciento (15%) de las ganancias netas anuales del patrono habidas dentro del periodo de cobertura.
>
> La notificación deberá acompañarse con un estado de situación y de ganancias y pérdidas del periodo de cobertura preparado conforme a las normas y principios de contabilidad generalmente aceptados en Puerto Rico y sus respectivas notas, así como con el correspondiente informe compilado, revisado o auditado, firmado y **sellado <u>en original</u> por un contador público autorizado (CPA)** con licencia en vigor que haya sido emitida por la Junta de Contabilidad de Puerto Rico, según lo dispuesto por la Ley Núm. 293 de 15 de mayo de 1945, "ley de Contabilidad Pública de 1945", según enmendada, que evidencie dicha situación económica. Además, el Secretario podrá solicitar cualquier otra información que la Ley Núm. 148 le autorice a requerir y obtener en aras de considerar debidamente la notificación patronal.
>
> […]
>
> Si el patrono no somete el estado de situación y de ganancias y pérdidas requerido, dentro del término y **<u>la forma indicada en este inciso</u>**, **vendrá obligado a pagar el bono en su totalidad, aun cuando no haya obtenido ganancias en el negocio o estas resultasen insuficientes para cubrir la totalidad del bono**. Art. VII, <u>Reglamento Núm. 9003 de 18 de septiembre de 2017 del Departamento del Trabajo y Recursos Humanos</u>, págs. 5-6 (énfasis suplido).

**III.**

En el presente caso, el Apelante nos solicitó que revoquemos la *Sentencia* del TPI a través de la cual se declaró "Ha Lugar" la "**Moción de Sentencia Sumaria**" presentada por el Departamento del Trabajo. Veamos.

Conforme hemos adelantado, al momento de revisar una determinación del foro de instancia respecto a una solicitud de sentencia sumaria, estamos llamados a realizar una revisión de *novo* y limitarnos únicamente a adjudicar las controversias con los documentos que obran en el expediente ante el foro de instancia. Luego de efectuar dicho análisis, a la luz de la prueba que se presentó ante el TPI, determinamos que sobre los siguientes hechos esenciales y pertinentes no existe controversia:

1. El 29 de noviembre de 2022, West Security Servicies Inc. presentó ante el Negociado de Normas de Trabajo del Departamento del Trabajo y Recursos Humanos una Solicitud de Exención de Pago del Bono para el año 2022.

2. El Departamento del Trabajo le notificó a West Security Servicies Inc. que su solicitud de exoneración del Bono no cumplía con las leyes y reglamentación debido a que el Estado de Situación y de Ganancias y Pérdidas presentado no tiene adherido el sello original del Colegio de Contadores Públicos Autorizados.

3. El 1 de diciembre de 2022, West Security Servicies Inc. llevó al Departamento del Trabajo los documentos originales correspondientes a la auditoría realizada.

4. Dichos documentos no fueron recibidos por el personal del Departamento del Trabajo por, entre otras cosas, la fecha límite para la entrega completa de dichas solicitudes vencía el 30 de noviembre de 2022.

5. El 8 de diciembre de 2022, se le notifica West Security Servicies Inc., por conducto de su representación legal, que la determinación del 30 de noviembre de 2022 es confirmada debido a que el patrono no cumplió con el requisito de ley de presentar toda su documentación en o antes del 30 de noviembre de 2022.

6. El 8 de febrero de 2023, el Negociado de Normas de Trabajo le informa a West Security Servicies Inc. que se está efectuando una investigación por concepto del pago del bono de Navidad, al amparo de la Ley Núm. 148, *supra*, y solicitó se le proveyera una serie de documentos relacionados a la misma.

7. El 24 de abril de 2023, se le notificó West Security Servicies Inc. una carta de cobro en la que se le indicó que de la investigación realizada por el Departamento del Trabajo concluyó que adeudaba la suma $67,154.38, por concepto de bono de Navidad al amparo de la Ley Núm. 48, *supra*.

8. El 16 de mayo de 2024, se le volvió a notificar a West Security Servicies Inc. una carta de cobro.

9. El 17 de agosto de 2023, se le notificó a West Security Servicies Inc. que su caso había sido referido al Negociado de Asuntos Legales del Departamento del Trabajo, para la acción correspondiente.

10. El 12 de septiembre de 2023, el Negociado de Asuntos Legales le notificó a West Security Services Inc. nuevamente otra carta de cobro informándole que el asunto había sido referido a su atención para la acción judicial correspondiente, pero que sin embargo, en ánimo de evitar las molestias, riesgos y penalidades que son inherentes a un proceso judicial, le solicitaba pagar la suma de $89,539.09 (suma ajustada a la penalidad de los 6 meses establecida en la Ley), para así dar por terminado el caso.

Establecido lo anterior, nos dirigimos a analizar el único señalamiento de error esgrimido. En síntesis, WSS plantea que el foro primario abusó de su discreción al disponer del caso sumariamente y, en consecuencia, declarar "Ha Lugar" la "**Querella**" presentada por el Apelado y condenarlo al pago de $89,539.09, por concepto de bono de Navidad a favor del Departamento del Trabajo.

A la luz del estado de derecho anteriormente expuesto, no todos los patronos están obligados a pagar el bono de Navidad, pues existen circunstancias en las cuales éste podría estar exento de efectuar dicho pago. Un ejemplo de ello es cuando el patrono no ha obtenido ganancias o éstas resultaren insuficientes para cubrir la totalidad del bono, sin exceder el límite de un quince por ciento (15%) de las ganancias netas anuales. 29 LPRA sec. 507. Acorde con lo anterior, la Ley Núm. 148, *supra*, dispone que, para poder beneficiarse de tal excepción, el patrono deberá someter al Secretario del Departamento del Trabajo y Recursos Humanos, **no más tarde del 30 de noviembre de cada año**, un estado de situación y de ganancias y pérdidas debidamente certificado por un contador público autorizado que evidencie dicha situación económica. Íd. Es menester destacar que dicha disposición estatutaria le reconoce la autoridad en ley al Departamento del Trabajo para adoptar aquellas reglas y reglamentos que considere necesarios para la mejor y debida administración de sus disposiciones. Íd.

De conformidad con dicha pauta legal, el Reglamento Núm. 9003, *supra*, advierte que:

Todo patrono que emplee uno o más empleados o trabajadores dentro del periodo de cobertura tendrá las siguientes obligaciones:

[…]

4. La notificación deberá acompañarse con un estado de situación y de ganancias y pérdidas del periodo de cobertura preparado conforme a las normas y principios de contabilidad generalmente aceptados en Puerto Rico y sus respectivas notas, así como con el correspondiente informe compilado, revisado o auditado, firmado y **sellado en <u>original</u> por un contador público autorizado (CPA)** con licencia en vigor que haya sido emitida por la Junta de Contabilidad de Puerto Rico, según lo dispuesto por la Ley Núm. 293 de 15 de mayo de 1945, "Ley de Contabilidad Pública de 1945", según enmendada, que evidencie dicha situación económica. Además, el Secretario podrá solicitar cualquier otra información que la Ley Núm. 148 le autorice a requerir y obtener en aras de considerar debidamente la notificación patronal.

[…]

Si el patrono no somete el estado de situación y de ganancias y pérdidas requerido, **<u>dentro del término y la forma indicada en este inciso</u>**, vendrá obligado a pagar el bono en su totalidad, aun cuando no haya obtenido ganancias en el negocio o estas resultasen insuficientes para cubrir la totalidad del bono. Art. VII, <u>Reglamento Núm. 9003 de 18 de septiembre de 2017 del Departamento del Trabajo y Recursos Humanos</u>, págs. 5-6 (énfasis suplido).

Tanto de los autos electrónicos del TPI como del legajo apelativo ante nos, se desprende que el Apelante presentó el 29 de noviembre de 2022 la *Solicitud de Exención del Pago del Bono de Navidad* correspondiente al año 2022, incluyendo **<u>una copia y no el original</u>** del estado de situación y de ganancias y pérdidas certificado, en unión al informe compilado, revisado o auditado preparado por un contador público autorizado.

Sin embargo, no fue sino hasta el 1 de diciembre de 2022 que WSS intentó subsanar dicho defecto, mas no fue posible, toda vez que se le informó que su intento fue a destiempo. Así pues, del análisis de los documentos que obran en los autos, no existe duda alguna de que WSS no subsanó la deficiencia dentro del término dispuesto por la Ley Núm. 148, *supra*, y por el Reglamento Núm. 9003, *supra*. De hecho, el propio Apelante así lo reconoce y atribuye a un "error humano" su incumplimiento específico

con ambos cuerpos legales. Nótese, pues, que el Reglamento Núm. 9003, *supra*, es taxativo al requerir que todo patrono cumpla con todos los requisitos de forma dentro del plazo dispuesto para beneficiarse de la exención de pagar el bono de Navidad dispuesta en el Artículo 7 de la Ley Núm. 148, *supra*.

Dado que, no fue hasta el 1 de diciembre de 2022, que el Apelante presentó el estado de situación y de ganancias y pérdidas del año 2022, así como con el correspondiente informe compilado, revisado o auditado, **firmado y sellado <u>en original</u> por un contador público autorizado (CPA)**, colegimos que WSS estaba obligado a efectuar el pago por concepto del bono de Navidad para dicho año. Tanto la Ley Núm. 248, *supra*, como el Reglamento Núm. 9003, *supra*, son claros al requerirle a todo patrono que solicite exención del pago del bono de Navidad a presentar toda la documentación **<u>en la forma requerida en o antes del 30 de noviembre del año correspondiente</u>**. Definitivamente, el Apelante falló al no radicar los documentos requeridos en la forma dispuesta reglamentariamente y, por tanto, el TPI actuó correctamente, como cuestión de derecho, al determinar que el Apelante debía efectuar el pago del bono de Navidad de los empleados para el año 2022.

No obstante lo anterior, entendemos que el foro *a quo* se equivocó al ordenarle a WSS a efectuar el pago del bono de Navidad a favor de los empleados ascendente a $89,539.09, pues el Departamento del Trabajo **<u>no aportó evidencia alguna en su moción de sentencia sumaria que permitiera al foro de instancia concluir que esa es la cuantía realmente adeudada</u>**. Simplemente, el Apelado incumplió con las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, al dejar de aportar evidencia documental que sustentara la cuantía de la deuda que tiene el Apelante con los 234 obreros a los que el Departamento del Trabajo representa en este pleito, por concepto del bono de Navidad del año 2022.

Es, por tanto, claro que existe una controversia de hechos medular y material que impedía que el caso fuera adjudicado sumariamente. Dicha controversia fáctica estriba en que no existe prueba en los autos sobre el

monto que debe sufragar WSS en concepto del bono de Navidad correspondiente al año 2022 para los empleados que le reclamaron ante el foro de instancia. Por tanto, sostenemos que dicha controversia debe dilucidarse en un juicio plenario, en el que el Departamento del Trabajo aporte la prueba correspondiente para establecer las cuantías adeudadas por WSS, en concepto del bono de Navidad para los 234 empleados a los que el Apelado representa en el pleito de epígrafe.

**IV.**

Por los fundamentos antes expresados, los cuales hacemos formar parte integral del presente dictamen, se *revoca* la *Sentencia* apelada, toda vez que existe una controversia de hechos medular y material relacionada con las cuantías que debe satisfacer WSS, en concepto del bono de Navidad correspondiente al año 2022 de los 234 obreros que representa el Departamento del Trabajo en el caso de autos. En consecuencia, se devuelve el caso al foro de instancia para que proceda a dilucidarse dicha controversia en un juicio plenario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones